# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            No.        CR-02-992 JC

ALFREDO CASTRO-PINEDA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Eliminate Enhancements and Reduce Sentence (CR Doc. 91) filed January 10, 2006. Defendant pled guilty to drug conspiracy charges under 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). The Court entered judgment on November 1, 2002. Defendant did not appeal his conviction or sentence. Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was dismissed on April 6, 2005, and the Court of Appeals for the Tenth Circuit dismissed his appeal. Defendant claims that his sentence is illegal under the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005).

The relief Defendant seeks, if available, must be pursued under § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). His claim of illegal sentence is expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United

States."  § 2255.

Relief from a criminal conviction may be sought under other statutes or rules if § 2255 is "inadequate or ineffective."  *Williams*, 323 F.2d at 673 (10th Cir. 1963).  For instance, the writ of error coram nobis remains available to a defendant who is not in custody.  *See United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).  "However, the fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective. . . ."  *Braun v. Gallegos*, No. 02-1292, 2002 WL 31895074, at **1 (10th Cir. Dec. 31, 2002) (citations omitted).  Here, § 2255 is not available because the limitation period has expired and Defendant has previously filed a § 2255 motion.

Where a defendant challenges a criminal judgment in a pleading filed under a statute or rule other than § 2255,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  The Court finds that Defendant's motion may be brought only under § 2255, notwithstanding its designation, due to the nature of the relief sought. However, because the applicable limitation period has long expired and Defendant previously filed a § 2255 motion, Defendant's motion will not be recharacterized as a § 2255 motion.  *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to recast pro se pleading as § 2255 motion in light of second-or-successive bar); *see also Hagin v.*

*Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005) ("in light of . . . the futility of construing the Application as arising under § 2254, the district court did not abuse its discretion in refusing to construe the Application as a habeas petition.").  Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Eliminate Enhancements and Reduce Sentence (CR Doc. 91) filed January 10, 2006, is DENIED;

IT IS FURTHER ORDERED that, in accordance with *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003), Defendant is hereby NOTIFIED that a notice of appeal from an order denying a motion in a criminal proceeding must be filed within ten days after entry of the order.

_____

SENIOR UNITED STATES DISTRICT JUDGE